**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 23-cv-03103-STV

JILL FINAN,

      Plaintiff,

v.

DAVID HACHMEISTER, and
CARE AND COMFORT AT HOME FOR SENIORS AND VETERANS,

      Defendants.

---

**ORDER**

---

Entered By Magistrate Judge Scott T. Varholak

      This civil action is before the Court on Defendants' Motion to Dismiss Complaint [#9] (the "Motion"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##20, 21] This Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **DENIED.**

**I.    BACKGROUND**[1]

      In September 2017, Plaintiff, Jill Finan, was offered a compensation package to work for Defendant Care and Comfort at Home ("CCH") as an "Agency Director" in

---

[1] The facts are drawn from the allegations in Plaintiff's Complaint [#1], which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)). The Court also considers the Charge of Discrimination filed with the Colorado Civil Rights

Colorado.  [## 1 at 4; 1-4 at 1]. This compensation package included 30% ownership of agency, salary, housing stipend, health insurance, company car and maintenance, gas and tollway allowance, car insurance, life insurance, home office stipend, paid time off and a Christmas bonus.  [#1 at 4]  Plaintiff accepted the job in Colorado due to these benefits.  [*Id*.] The Agency Director of CCH in Illinois (the "Elmhurst Agency Director") received the same compensation package as Plaintiff.  [*Id*.; #1-4 at 1]

Plaintiff was thereafter employed by Defendant CCH from September 2017 until May 2020[2], when Plaintiff was terminated. [#9-1 at ¶ 1, Jill Finan's Counterclaims against CCH in Jefferson County civil case, Case No. 2020CV31025 (the "State Proceedings")] On August 25, 2020, CCH sued Plaintiff in Jefferson County Court, alleging that Plaintiff had stolen corporate funds, records, and other property, which led to her termination. [#9-

---

Division and the U.S. Equal Employment Opportunity Commission (the "EEOC") [#1-4], and the EEOC Notice of Right to Sue [#1-5], as these documents were attached to Plaintiff's Complaint and incorporated by reference.  [*See generally* #1]; *see also Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.,* 680 F.3d 1194, 1201 (10th Cir. 2011) ("In evaluating a motion to dismiss, [a court] may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference.").  Finally, the facts are also drawn from the related state court proceedings, Jefferson County civil case, Case No. 2020CV31025, of which the Court takes judicial notice.  *Hodgson v. Farmington City*, 675 F. App'x 838, 841 (10th Cir. 2017) (finding the court may take judicial notice of another court's publicly filed records concerning "matters that bear directly upon the disposition of the case at hand" (quotation omitted)); *Tal v. Hogan,* 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion. . . .  This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record." (quotation omitted)); *Brickert v. Deutsche Bank Nat'l Tr. Co.*, 380 F. Supp. 3d 1127, 1133 n.1 (D. Colo. 2019) ("[A] court can take judicial notice of 'documents and docket materials filed in other courts.'") (quoting *Stan Lee Media, Inc. v. Walt Disney Co*., 774 F.3d 1292, 1298 n.2 (10th Cir. 2014)).

[2] Plaintiff alleges in the EEOC Charge of Discrimination that she was terminated in November of 2021. [#1-4 at 1]  In reviewing the response to the Motion, however, it appears that the November 2021 date does not refer to the date of termination. [#15 at 2 ("The 'different terms and conditions employment' were announced to the Plaintiff after receiving the Amended Order on Trial dated 11/15/21, which is when the Plaintiff first knew of her injury of Age Discrimination.")]

2 at ¶¶ 7-8, Complaint in the State Proceedings]  Plaintiff filed counterclaims in the State Proceedings related to unpaid wages. [*See generally* #9-1]  A trial was held in the State Proceedings, and on November 2, 2021, the court issued an Order on Trial, which granted CCH's "Claim for Relief against [Jill Finan] for conversion of money for salary increases, personal (rent, utility, internet) expenses, auto expenses, health expenses and miscellaneous 'direct' payments in the total amount of $90,963.45," and also granted Jill Finan's "Counterclaim under the Colorado Wage Act for unpaid salary of $1,220.02 plus a 125% penalty plus a 50% surcharge for not acting in good faith for the continued refusal to pay any wages earned in the last pay period, for a total award of $2,135.02." [#9-3]

At some time prior to August 25, 2023, Plaintiff filed an EEOC Charge of Discrimination, alleging discrimination based on age.[3] [## 1-4; 1-5; 9-5]  Plaintiff alleges that CCH filed suit against her in state court after Defendant David Hachmeister—the owner of CCH—falsely claimed he never agreed to the terms of the compensation package.  [#1 at 2, 4; #15 at 1 ("David Hechmeister reneged on the agreement that had been in practice for 2.5 years and subsequently sued Plaintiff in State Court, resulting in discrimination against the Plaintiff.")]  In sum, the State Proceedings, Plaintiff alleges, sought reimbursement for the benefits she received as part of the earlier-discussed compensation package.  [#1-4 at 1-2]  Plaintiff further contends that the Elmhurst Agency Director was also fired in June of 2019, but after that termination, Defendants did not sue the "younger Elmhurst Agency Director for reimbursement of benefits even though she received the same terms that [Plaintiff] received and more." [#1-4 at 2]  At the time Plaintiff

---

[3] The Charge of Discrimination is not dated, and the Complaint does not provide any relevant allegations as to when Plaintiff filed the Charge of Discrimination with the EEOC. Plaintiff states in her response to the Motion, however, that "[s]he filed with the EEOC on September 5, 2022" [#15 at 2]

was fired, she was fifty-five years old, and the Elmhurst Agency Director was in her thirties. [*Id*. at 1-2]

On August 25, 2023, the EEOC issued a Notice of Suit Rights and a determination that the charge was not timely filed.  [#1-5]  Plaintiff initiated this action on November 21, 2023.  [#1]   The Complaint asserts a single claim of age discrimination in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, et seq.  [*Id*. at 2, 4]  On January 23, 2024, Defendants filed the instant Motion to Dismiss. [#9]  Plaintiff has responded to the Motion [#15] and Defendants have replied [#18].

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (alteration in original) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims

across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556).  The court's ultimate duty is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  The Court, however, cannot be a *pro se* litigant's advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III.   ANALYSIS

The ADEA prohibits employers from discriminating against employees who are at least 40 years old, on the basis of age. 29 U.S.C. §§ 623, 631. Defendants make two arguments in support of dismissal: (1) the complaint is barred by the two-year statute of limitations period, applicable to age discrimination claims [#9 at 6-8] and (2) the two-year statute of limitations should not be tolled because Plaintiff was terminated for cause [*id.* at 8-10].  Defendants cite a single Colorado Court of Appeals case from 1993 for the proposition that the relevant limitations period is two years. [#9 at 8 (citing *Evenson v. Colo. Farm Bur. Mut. Ins. Co.*, 879 P. 2d 402 (Colo. App. 1993))]  In *Evenson*, the Court applied the two-year statute of limitations as set forth in the Portal-to-Portal Pay Act, 29 U.S.C. § 255, to an age discrimination claim. *Evenson*, 879 P. 2d at 407. However, the

Portal-to-Portal Pay Act, applies only to actions brought under the ADEA where the alleged act of discrimination occurred before November 21, 1991, the effective date of the Civil Rights Act of 1991 ("CRA").[4]  *See Hartig v. Safelite Glass Corp.*, 819 F. Supp. 1523, 1529 (D. Kan. 1993) (using the limitations period of the Portal-to-Portal Pay Act in an ADEA case, noting that the CRA does not apply to a claim that accrued and was filed before the CRA became effective); *see also Littell v. Aid Ass'n for Lutherans*, 62 F.3d 257, 258–59 (8th Cir. 1995) ("[O]n November 21, 1991, Congress amended the statute of limitations through the Civil Rights Act of 1991, by deleting the reference to § 255 and thereby eliminating the two/three-year statute of limitations period.").

Here, Plaintiff was employed by Defendant CCH from September 2017 until May 2020 [#9-1]; therefore, the alleged act of discrimination occurred after November 21, 1991. Because Defendants fail to address the relevant exhaustion requirements, *see* 29 U.S.C. § 626,[5] the Court declines to consider whether Plaintiff's claim was untimely

---

[4] As another district court has explained:

> Prior to the effective date of the CRA, the ADEA provided that all causes of action for age discrimination must be commenced within two years from the date of the allegedly discriminatory act unless such act was "willful." 29 U.S.C. § 626(e)(1) (1985) (providing that two-year statute of limitations set forth in the Portal-to-Portal Pay Act, 29 U.S.C. § 255, shall apply to actions brought under the ADEA).  If the alleged discriminatory act was willful, a three-year limitations period applied. *Id.* In 1991, the CRA amended the statute of limitations under the ADEA to provide that a civil action for age discrimination may be brought within ninety days after the plaintiff receives a notice from the EEOC that it has dismissed the charge or that the proceedings before it have otherwise terminated.  Pub.L.No., 102–166, 105 Stat 1071. The Supreme Court recently determined that the CRA does not apply retroactively, however, to acts of alleged discrimination that occurred before November 21, 1991, the effective date of the CRA. *See Landgraf v. U.S.I. Film Products,* [511 U.S. 244 (1994).]

*Antos v. Bell & Howell Co.,* 891 F. Supp. 1281, 1286 n. 4 (N.D. Ill. 1995).

[5] Unlike the statute of limitations set forth in the Portal-to-Portal Pay Act, which required *the filing of suit* within two/three years of the alleged discriminatory act, the ADEA now

brought. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) ("a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim"); *Cummings v. United States Postal Serv.*, No. 20-7066, 2021 WL 4592271, at * 4 (10th Cir. Oct. 6, 2021) ("As with Title VII, failure to exhaust administrative remedies under the [ADEA] is a non-jurisdictional affirmative defense."); *see also South Denver Anesthesiologists, PC v. Oblachinski*, No. 06-cv-02425-REB-BNB, 2007 WL 2255123 at *1 (D. Colo. Aug. 3, 2007) (noting that the court does not consider "cursory, unsupported, or otherwise inadequately briefed arguments").[6]

## IV.   CONCLUSION

For the reasons outlined herein, Defendants' Motion to Dismiss [#9] is **DENIED.**  A scheduling conference is set in this matter for September 16, 2024 at 9:00 a.m.   The parties shall submit a proposed scheduling order by September 3, 2024.

DATED: July 18, 2024                          BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge

---

requires *the filing of a charge of discrimination with the EEOC* within a certain period of time of the discriminatory act.  29 U.S.C. § 626(d).  The problem here is that the Charge of Discrimination attached to the Complaint is undated and the Complaint itself does not indicate when Plaintiff filed the Charge.  [##1, 1-4]  Thus, the Court cannot conclude from the Complaint or items attached to the Complaint that the Charge was untimely filed.  And because Defendants' briefing is focused on the wrong statute of limitations period, Defendants have not argued that the Court may consider Plaintiff's statement in her response brief that the charge was filed on September 5, 2022.  [#15 at 2]

[6] Defendants' Motion briefly mentions *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and the burden shifting framework set forth therein, but does so only in the context of a statute of limitations argument that the Defendants' action was not willful.  [#9 at 8-10]  Given that this argument is made under the heading: "The Complaint is barred by the Statute of Limitations," the Court does not consider this as a separate challenge as to whether or not Plaintiff has plausibly alleged discriminatory conduct.